Good morning, your honors. My name is Jill Bolton. I'm an assistant U.S. attorney in the Eastern District of Washington, representing the government in this government appeal. The issue that is raised by this appeal is kind of a fundamental issue concerning statutory construction of a felon in possession of a firearm statute. The government's position is real clear, and I think it's fundamentally different from the defendant's position and the district court's position in this case. And that is that it is the crime itself, not the person convicted of the crime, that establishes whether there is a predicate felony for the purposes of a 922G1 under Title 18 prosecution. The question that specifically was presented by this appeal was whether the defendant, who had been convicted of two prior Washington State Class C felony convictions, harassment was one of the convictions and, ironically, unlawful possession of a firearm in the second degree was the second conviction. The government relied on both of those convictions in charging the defendant with a violation of Title 18 United States Code Section 922G1, commonly referred to as the felon in possession of a firearm crime. And while it's called that commonly, the definition that makes the crime punishable is if the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant very creatively came up with the argument to the district court, and I think the district court agreed, obviously, by its ruling, that under Blakeley somehow the analysis of that predicate felony has changed. The government's position is it hasn't changed anything, because it's not how the individual is sentenced, but the crime itself, the crime of conviction that matters for the purposes of evaluating a predicate felony under 922G. Thus, there's been many angles, I think, that the defendant has tried to attack the prior conviction, and it came up in the supplemental briefing since this Court's decision in Moreno-Hernandez as to whether a collateral attack of this nature is permissible. And the government's position is the same as it was from the inception of our argument here, and that is that it doesn't matter. It's not a collateral attack of the underlying conviction. That is, the fact that he was convicted, as it was in the Marks case, because that would preclude the argument altogether, because Marks decided conclusively that you can't collaterally attack your actual State conviction. Instead, it raised the issue of, well, it's a collateral attack on a sentence, as it was in Moreno-Hernandez, where we're dealing with sentencing enhancements under the guidelines. And the government submits that there's really a different question. In this appeal, we're deciding whether or not the underlying conviction is a predicate felony as per statute. In the sentencing enhancement cases, we're looking at whether or not it's a felony, a crime of violence, or this type of crime. And sometimes you have to look at the underlying felony offense and sometimes the facts, as is permitted in the Taylor analysis. So the Moreno-Hernandez, we don't think it really changes anything, although it does offer, and this Court offered through that decision, a very good analysis of how you look at whether an offense is punishable by imprisonment for a term exceeding one year. It's the same analysis, I think, that we argued in our opening brief and in our reply. Let me ask you something. This is nonconstitutional error, right? You're arguing a non – you're not arguing a Sixth Amendment because the government can't, right, because the government doesn't have Sixth Amendment rights. So it's nonconstitutional error under Booker, so it falls under the Fan-Fan case, part of the decision. Booker itself was Sixth Amendment. Fan-Fan was not. May the government appeal from that? Appeal from a nonconstitutional case. I think I haven't looked at it from that perspective, and I haven't briefed that for the Court, and I haven't considered it. Do you recall what Booker said about it or Fan-Fan said about it? Well, I wish I had, but I can't. Because this is a government appeal. It is a nonconstitutional error, so that probably means that you can, I would think, because you're not asserting a Sixth Amendment violation. And I just don't – I haven't looked at Booker and Fan-Fan recently. I think the language was that in Fan-Fan that either the government or the defendant could appeal. Well, in this case we're appealing, of course, the district court's dismissal of our opportunity to prosecute, dismiss the indictment. Oh, that's right. Okay. So we never got the chance to bring the case to fruition. We were dismissed at the pretrial stage. You're right. That's right. I'm thinking of this as a sentencing enhancement, not a – Right. Right. And that's what I'm saying. Sentencing enhancements involve some different issues. This is a pretrial dismissal of our indictment, saying that the government hadn't proffered a predicate felony to be permitted to proceed with the prosecution in this case, based on its analysis that Blakely somehow undermined what is a crime punishable by imprisonment for a term exceeding one year, based on how a defendant is sentenced. And the government's position has been consistent that it's not the individual sentenced or the individual punished, because that's not how Congress wrote the statute. It's not. What is the government's position on whether Booker implicitly overruled Blakely? Booker implicitly overruled Blakely? Because it said that there's no longer mandatory. I'm sorry. I'm still under the guidelines thing. I don't know why I can't get it out of my head. But they're relying on, they're relying on, this is why. The defendant's relying on a sentencing enhancement case, which defined the statute, what used to be the statutory maximum as the maximum set by the guidelines. The guidelines are no longer in place as mandatory, so it seems that Blakely's whole analysis would be gone and that it couldn't be relied on at all. And it's our position that it doesn't matter. It doesn't change the fundamental analysis you have to undertake when you decide whether or not it's a crime punishable, because you're not looking at the individual, which is what Blakely changes. You look differently at how an individual can be sentenced. But in analyzing the 922G1, as the Supreme Court instructed so clearly, I think, in the Dickerson case, as well as the Lewis case. I guess I can see why Judge Shane fell for it. It's a very creative argument. It's creative, but it's not supported by the law, and it's not supported by the Supreme Court precedent, and this Court should reverse it. I think with that, that's all I have to add, unless there's any other questions. Thank you. May it please the Court. My name is Rebecca Pennell. I represent Peter Santos-Murillo. Peter Santos-Murillo does not have a prior conviction for a crime punishable by more than one year, because the core crime for which he was convicted could not have justified a sentence of over one year, and furthermore, his criminal history could not have justified a sentence of more than one year. Justice Scalia interpreted the sentencing scheme in Washington that existed at the time of Mr. Murillo's conviction to be a mandatory system. The State of Washington subsequently looked at Blakely in a decision called the United States First State v. Hughes, and I cited the appellate court below in my brief, but actually Hughes has now been decided by the State Supreme Court, has affirmed that the outcome isn't Booker. It's not an advisory guideline scheme, that the guidelines in Washington remain mandatory. And so that being the case, the core conviction that Mr. Murillo suffered was only punishable in his case up to 12 months. If you ignore the individual, as the government wants you to do, then you must take a categorical approach. That's the only approach we've ever been given through Taylor. And this Court on Bonk interpreted Taylor to mean when we're looking at how much time a prior conviction is punished for, we ignore recidivism factors. If you ignore recidivism factors, then Mr. Murillo's offense, which is labeled by statute a level III seriousness offense, could only be punishable from 1 to 3 months. There's a whole bunch of crimes in Washington that are always going to be punishable by more than one year. But the State of Washington made the policy decision that the crimes for which Mr. Murillo was convicted were not so punishable unless he were a more serious offender. But this Court certainly has rejected that approach. Congress did not make it a crime for someone who has a felony or is labeled a felony to have a gun. Instead, Congress, particularly with the Federal Firearm Owners Protection Act that states and how states punish offenses in determining whether or not someone is prohibited from having a gun. There were other ways in which they deferred to states as well. They deferred to states with respect to whether or not there was a conviction. They deferred to states with whether or not civil rights had been restored. And they also deferred to the state's decision as to how serious is a prior offense. Back in the 70s, this Court issued two decisions, Houston and Pruner, which are in the same language, where an individual under California law claimed, I'm a misdemeanant under California law. He'd been convicted of some wobblers under California law, which could either be felonies or misdemeanors depending on the sentence imposed. And he claimed, I'm a misdemeanant. I'm not a felon in possession. And this Court, looking at language that is the same as the language in this case, says it doesn't matter what labels are. The courts in Houston wrote, State laws designating a crime as either a misdemeanor or a felony are relevant only in cases where the prior offense did not involve a firearm and is punishable by imprisonment of less than two years. That's because in 921, they define crime punishable by term of imprisonment exceeding one year does not include certain misdemeanors punishable up to two years. That's the only time that labels are important. Otherwise, where those conditions, and the Court goes on, where those conditions are inapplicable, we look to State law solely to determine whether the maximum permissible prison term exceeds one year. In Mr. Murillo's case, the maximum permissible prison term wasn't even prison term. The maximum permissible term that was justified by the mere fact of conviction was, in his case, 12 months. That was the case before Blakely, and it's only clearer now. Our argument really isn't premised on Blakely. Blakely did two things. One thing Justice Scalia did in Blakely was sort of clarify what we mean by a statutory maximum penalty. A statutory maximum penalty is the maximum penalty that can be imposed by the fact of conviction. You can increase statutory maximum penalties. As long as a jury makes that decision increasing the maximum penalty, there's no Sixth Amendment problem. But that doesn't change the fact that the maximum penalty without added facts remains the lower maximum penalty. That may all be true. Excuse me? That may all be true, and Blakely may still be good as it pertains to Washington law. But we're looking at how the Federal rules define predicate offenses, and they use the word punishable. Punishable. Correct. And you have to look at the core crime. And this Court had two parts of this decision in Moreno-Hernandez. Core crime is the core crime justified by the elements of the offense, not with an aggravator. And what Scalia made clear was because in Washington State without an aggravator you are stuck with the statutory, the Washington legislature's choice for the maximum of the standard range, that is the maximum penalty that can be imposed as a result solely on the basis of the facts of conviction. The State Supreme Court has several times overturned sentences that go beyond the standard range based solely on the facts of conviction. And I cited one of those cases, Ferguson, in my brief, where the judge had thought, well, this is an especially bad crime, so I'm going to give an exceptional sentence. The State of Washington said no. The only way you can go above the standard range is if there's an added fact. And that's, of course, why Justice Scalia said this is just like Apprendi. In Apprendi, I think it was arson that Apprendi was convicted of primarily, there was a cap that applied to arson. There was a second cap that could apply if certain facts were met, but those facts weren't part of the core conviction. And because of that, there were two statutory maxims, and the Sixth Amendment was violated in the way in which the State chose to get to the second statutory maximum. Mr. Murillo's case is different in that there were never any enhancing facts alleged. Because there were never any enhancing facts alleged, the lower of the two statutory maxima always was in place. He's not collaterally attacking anything about his prior conviction. There were two statutory maximas in place, just like the scheme that was in New Jersey for Apprendi. But the second statutory maximum was never a concern. There were never any allegations that the State-mandated range be exceeded. And that, for that reason, Justice Scalia specifically said that the top end of the maximum punishable sentence, what does punishable mean? It certainly means the amount of time that you can get as a result of your conviction. And there's no way that Mr. Murillo could have gotten more than one year for his convictions. Distinguishing Moreno-Hernandez, which I know I did in my brief, Moreno-Hernandez, if you track back to how Moreno-Hernandez came about, it started with a case called But the fact that certain things defining crimes of punishable by more than one year are sentencing cases versus predicate offenses, the government cites no authority for claiming there's some big distinction there. The sentencing decisions were all based on the United States Supreme Court case in Taylor, which interpreted the Armed Career Criminal Act, which is just an arm of 922G1. They're in the same statute. So to say that we use certain tests for analyzing prior convictions for sentencing purpose versus purposes of a brand-new substantive offense, there is no basis for that. And, in fact, you would think that the opposite would be true, that there would be more protections for a conviction being used as the sole basis for a new offense instead of simply for sentencing enhancements. But going to Moreno-Hernandez, initially there was this case of Robles-Rodriguez, where Robles-Rodriguez was convicted in Arizona of first-time simple possession of a controlled substance. It was labeled a felony. But under a statute, Prop 200 in Arizona, the sentencing judge had no authority to give a sentence above probation for a first-time offender or above one year for a second time offender. And because of that, despite the fact that it was labeled a felony, this Court said that the State of Arizona made the policy decision to not incarcerate people so severely for this offense. And so that controls whether or not this is substantively a misdemeanor or substantively a felony. The only basis on which Moreno-Hernandez, which was based on Rios-Beltran, distinguished Robles-Rodriguez is that Oregon only has one statute governing maximum penalties, and that is the Earned Determinant Sentencing Statute. That's never been changed. Because there's only one statute and the guideline scheme is completely made by an administrative agency and that statute had never been overruled, both Rios-Beltran and then Moreno-Hernandez said, well, the statutory maximum was always out there. But, of course, in Washington, we have a statutory guideline system where, by statute, the State legislature specifically has said crimes such as Mr. Morios are a serious offense level 3 out of 15. And that is more akin to a situation in Robles-Rodriguez where a policy decision by State transforms something that might be labeled a felony to a substantive misdemeanor because the crime simply cannot be punished by more than one year. I see my time is almost out if anybody has any further questions. Thank you. Thank you very much, counsel. United States v. Morio is submitted and this Court is adjourned for this session. All rise. This Court is adjourned. Thank you.
judges: Thompson, T. Nelson, Wardlaw